448

Common Pleas Court of Hamilton County.

STATE EX REL BETTMAN, ATTY. GEN'L. V.
ALFRED CHRISTEN.

Decided May 19, 1932.

*Raymond J. Kunkel, Special Counsel,* for the Attorney
General.

*Joseph H. Woeste,* for the defendant.

BELL, J.

William Myers and Thomas Mitchell were injured
while in the employee of the defendant, and working upon
the same job as painters. Both of them filed applications
with the Industrial Commission of Ohio for compensa-
tion under The Workmen's Compensation Law. The Com-
mission made an award in favor of both claimants, which
awards the defendant refused to pay upon the ground
that he did not come within the provisions of The
Workmen's Compensation Act, and thereupon the At-
torney General in accordance with the Statute brought
two actions in the name of the State of Ohio on his re-
lation against the defendant: one being cause No. A-
27424, which was brought to recover the award made to
William Myers in the sum of sixteen hundred and eleven
dollars ($1611.64) sixty-four cents. The other being
cause No. A-27205, to recover the award made to Thom-
as Mitchell in the sum of nineteen hundred thirty-three
dollars ($1933.45) forty-five cents.

The causes were heard upon the petitions and the amended answers. The only question for consideration and determination is whether or not the defendant comes within the provisions of The Workmen's Compensation Act. It being admitted in the amended answer that he was not upon the date, to wit: April twenty-third, 1930, a subscriber to the Workmen's Compensation Fund, and that he had not elected to pay compensation direct.

The evidence in the case is substantially as follows:

The defendant at the time of the injury of these two men, and for a number of years prior thereto, had been a contracting painter, and at certain seasons of the year, dependent upon the amount of work, employed varying numbers of men; sometimes as many as six or seven, and sometimes none at all. The date that Myers and Mitchell were injured, the defendant had in his employ five or six men upon a large job where he was doing interior painting in a church; these men, during the course of their employment, were both injured, by reason of a scaffold or ladder breaking causing both men to fall resulting in the injuries for which the compensation was awarded, and by reason of which they incurred certain expenses for medical attenton, which is also included in the award.

The evidence discloses that out of a period of one hundred and four (104) weeks (two years) prior to and including the date of this accident, there was only eighteen weeks in which the defendant employed three or more men. Upon this state of facts does the defendant come within the provisions of the Workmen's Compensation Act.

Section 1465-60, of the Workmen's Compensation Law provides what employers are subject to the law, and reads as follows:

"The following shall constitute employers subject to the provisions of this act:

1. The state and each county, city, township, incorporated village and school district therein.

2. Every person, firm and private corporation, including any public service corporation, that has in service three or more workmen or operatives regularly in the

same business, or in or about the same establishment under any contract or hire, express or implied, oral or written."

This provision of the statute was before the Commission itself for construction, and in an unanimous opinion of the Commission it was said:

"It does not mean that the workmen must be permanently employed, but rather there must be five or more workmen regularly employed in the business—that is, it must be essential to the conduct of the business that five or more be employed."

This construction was placed upon the Act before the last amendment reducing the number of employes to three, and while this decision is not binding upon the courts, insofar as it is logical it is persuasive, and The Industrial Commission has never deviated from this decision by any reported opinion which the court has been able to find.

In *State ex rel.,* v. *Derrer, et al.,* 23 Nisi Prius (N. S.) page 519, which case was affirmed by the Court of Appeals and the Supreme Court of Ohio, (See 101 O. S., 498) it is said:

"In order to come within the Workmen's Compensation Law an employer must have in his service five or more workmen under a contract for continuous service of a character necessary to the regular conduct of the business; and where only four are regularly employed, and five intermittently, a case is not presented under the Compensation Law."

This case was decided before the statute was amended, but is in accordance with the great weight of authority.

The test under this act is whether or not it is necessary to the conduct of the business to employ three men regularly, if so, the employer comes within the act; if not, he does not come within the act.

Applying this test to the evidence in this case, the conclusion is that the defendant does not come within the provisions of the compensation act, and the judgment should be in his favor.

An entry may be drawn accordingly.